UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JAKE SHANAHAN,<br><br>     Plaintiff,<br><br>v.<br><br>PELOTON INTERACTIVE, INC.,<br><br>     Defendants. | Case No. _____<br><br>*Related to Fishon, et al. v. Peloton Interactive, Inc., Case No. 1:19-CV-11711 (LJL) (S.D.N.Y. Dec. 12, 2019)* |

## MOTION TO QUASH SUBPOENA *AD TESTIFACANDUM*

Plaintiff Jake Shanahan moves to quash the third-party subpoena *ad testifacandum* issued upon him in *Fishon, et al. v. Peloton Interactive, Inc.*, Case No. 1:19-CV-11711 (LJL) (S.D.N.Y. Dec. 12, 2019) ("*Fishon*") by Defendant Peloton Interactive, Inc. ("Peloton"). This subpoena should be quashed pursuant to Fed.R.Civ.P. 45(d)(3)(A)(iv). *See* Subpoena *ad testifacandum*, attached hereto as Exhibit A.

## BACKGROUND

1. Plaintiffs in *Fishon* represent a putative class of Peloton customers who allege that Peloton has conducted a false and misleading advertising campaign in violation of N.Y. Gen. Bus. Law §§ 349-350 that has detrimentally affected Peloton subscribers across the United States.

2. The *Fishon* court has granted Peloton leave to depose a limited number of unnamed putative class members. *See* Opinion & Order, *Fishon,* ECF No. 47, p. 1 (July 27, 2020), attached hereto as Exhibit B.

3.     In granting Peloton leave to conduct absent class member discovery, the *Fishon* court allowed up to ten absent class member depositions, provided that "it does not impose an undue burden given the need for the discovery at issue and the availability of the same or similar discovery from a party." *Id.* at p. 8.

4.     The *Fishon* court further opined that individual deponents, such as Mr. Shanahan, could "avail[] themselves of the remedies available under Rule 45 where the subpoena is burdensome based on their particular facts. To the extent that any individual deponent can make that showing on the individual facts (but not on the basis argued here), the subpoena will be quashed or modified and Peloton can serve another deponent." *Id.* at p. 11.

5.     Mr. Shanahan is an operations and management consultant manager with the Florida Department of Law Enforcement. *See* Declaration of Jake Shanahan, attached hereto as Exhibit C, ¶ 3. He is considered an essential worker during the COVID-19 pandemic. Mr. Shanahan works full time, with frequent overtime, and little control over his schedule. *Id.* at ¶¶ 3-4.

6.     Mr. Shanahan is also the primary caregiver for his children. *Id.* at ¶ 7. His spouse is currently suffering from AERD and trigeminal neuralgia, along with a buildup of polyps throughout her sinuses that require surgical removal. *Id.* at ¶ 6. On any given day, Mrs. Shanahan is unable to care for their two children, ages 7 and 4, which both increases the daily stress on Mr. Shanahan and further limits his schedule. *Id.* at ¶¶ 5, 7. Mr. Shanahan is responsible for both maintaining his spouse's health and care, while also raising his children and working. Mrs. Shanahan also has gastrointestinal issues that will require endoscopic surgery in the near future. *Id.* at ¶ 6. The combination of Mrs. Shanahan's conditions require frequent

medical appointments. To the limited extent that Mr. Shanahan is able to amend his schedule, he does so to assist his wife with her medical appointments and procedures. *Id.* at ¶ 8

7. Mr. Shanahan's counsel has explained these burdens to Peloton and asked Peloton to identify someone else from the thousands of absent class members Peloton could depose. Peloton refused to do so. After consulting with counsel, Mr. Shanahan recently offered Peloton a complete release of his claims as an absent class member in exchange for withdrawing the subpoena, so burdensome is the prospect of finding time to prepare and sit for a deposition. But Peloton again refused to withdraw Mr. Shanahan's subpoena, even in exchange for a release of claims, and, instead, select another deponent. *See* February 2, 2020 Email from Lilia Vazova to Ben Whiting, attached hereto as Exhibit D.

## LEGAL STANDARD

8. Fed. R. Civ. P. 45(d)(3)(A)(iv) provides that a court in the district where compliance with a subpoena is required must quash that subpoena where it subjects a person to undue burden. *See Malibu Media, LLC v. Doe*, No. 3:13-CV-1579-J-32PDB, 2014 WL 12617594, at *2 (M.D. Fla. Aug. 28, 2014).

9. "The undue burden analysis requires the court to 'balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it.'" *Jordan v. Comm'r, Mississippi Dep't of Corr.*, 947 F.3d 1322, 1337 (11th Cir.), *cert. denied sub nom. Jordan v. Georgia Dep't of Corr.*, 141 S. Ct. 251, 208 L. Ed. 2d 25 (2020) (quoting 9A Wright & Miller, Federal Practice and Procedure § 2463.1 (3d ed. 2019)). "Several factors have been identified as pertinent to the analysis, including the 'relevance of the information requested' to the underlying litigation and the 'burden [that would be] imposed' by producing it." *Id.* (quoting *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004)).

10. "The status of the subpoena recipient as a non-party is also a factor that can weigh against disclosure in the undue burden inquiry." *Id.* (citation omitted); *see also Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1996) ("[T]he status of a witness as a nonparty to the underlying litigation entitles [the witness] to consideration regarding expense and inconvenience." (internal quotation omitted) (alteration in original)).

11. Third-party subpoenas are also subject to Fed. R. Civ. P. 26(b)(1), and, therefore, the discovery sought must be proportional to the needs of the case. *In re 3M Combat Arms Earplug Prod. Liab. Litig.*, No. 3:19-MD-2885, 2019 WL 5065194, at *3 (N.D. Fla. Oct. 9, 2019) ("Discovery under the revised rule is now limited to nonprivileged matters relevant to a party's claim or defense *and* proportional to the needs of the case, considering the proportionality facts enumerated in Rule 26(b)(1).").

12. In addition, whether considering party or nonparty discovery, the Court "must limit the frequency or extent of discovery" if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

## ARGUMENT

13. Attending a deposition, even a remote one, would be unduly burdensome for Mr. Shanahan.

14. Mr. Shanahan was one of over 2,500 individuals who filed arbitration demands against Peloton in the summer of 2019 for Peloton's deceptive marketing practices. That arbitration was administratively closed over a year ago when Peloton refused to pay the AAA filing fees. Since that time, Mr. Shanahan has taken no action against Peloton and has not contemplated continuing to actively pursue his claim in any other forum.

4

15. In the nineteen months since filing his AAA demand, Mr. Shanahan's situation has changed dramatically. Now, Mr. Shanahan, a civil servant, who is the primary provider and caregiver for both his ailing wife and his two young children, spends his entire time—when he is not working with the Florida Department of Law Enforcement—tending to his family.

16. When Peloton refused to withdraw its subpoena after counsel for Mr. Shanahan explained his situation, Mr. Shanahan said enough was enough. So concerned was Mr. Shanahan about the burden on him and his family that would come from preparing and sitting for a deposition that Mr. Shanahan decided to end the discussion by offering Peloton a complete release of claims in exchange for Peloton withdrawing its subpoena. Exhibit C, ¶ 9. But Peloton refused. Instead, the only compromise Peloton offered Mr. Shanahan is that it would be willing to conduct the intrusive deposition at night or on a weekend. Respectfully, that's not good enough. Even absent the pressures of the COVID-19 pandemic, Mr. Shanahan is under constant stress from both his professional and personal life. And Peloton has not offered a single reason why Mr. Shanahan specifically should be singled out for a deposition among the <u>thousands</u> of potential deponents at their disposal.

17. What makes Peloton's insistence particularly puzzling here, in addition to its unwillingness to withdraw the subpoena of a supposed absent class member who faces such a burden that he is willing to release his claims, is the fact that Peloton has taken the position that the appropriate class in the *Fishon* matter is limited to individuals who reside in the State of New York, and has maintained that position as recently as February 4, 2020. *See* Memorandum of Law in Support of Peloton Interactive, Inc.'s Partial Motion to Dismiss Plaintiffs' First Amended Complaint, *Fishon*, ECF No. 89 (Feb. 4, 2021). Mr. Shanahan lives in Florida. Exhibit C, ¶ 2. Given Peloton's contention that any class seeking relief under N.Y. Gen. Bus. Law §§ 349-350 is

limited to New York residents, it is unclear how Peloton can reasonably believe it is necessary to take the deposition of a *Florida* resident who Peloton itself does not believe has standing to pursue these statutory claims, let alone an individual who has now offered to release all of his claims against Peloton relating to its allegedly wrongful conduct.

18. "[T]o determine whether the subpoena subjects the subpoena recipient to an undue burden, one must identify both that burden as well as the interests served by demanding compliance with the subpoena." *Jordan*, 947 F.3d at 1342.

19. By this standard, there is no question that the subpoena should be quashed. The burden on Mr. Shanahan is real, and the information Peloton seeks—what absent class members would say about the *Fishon* plaintiffs' claims—is available from thousands of other absent class members. Mr. Shanahan's willingness to preemptively opt-out of a nationwide class in exchange for not sitting for the deposition only highlights the genuineness of this burden.

20. Counsel for Mr. Shanahan and the *Fishon* plaintiffs have worked in good faith to facilitate the depositions of absent class members in *Fishon*, and will continue to do so, but would simply ask that this particular subpoena for deposition be quashed when there are many absent class members for whom the deposition will not impose an onerous burden, something easily accomplished at no extra expense and with no prejudice to any party in any proceeding.

WHEREFORE, Plaintiff Jake Shanahan respectfully requests this Court quash the third-party subpoena *ad testifacandum* served upon him, and for any other such relief as this Court deems appropriate.

Dated: February 5, 2021

Respectfully submitted,

*/s/David M. Buckner*
David M. Buckner
Fla Bar No. 60550
**BUCKNER + MILES**
2020 Salzedo Street, Suite 302
Coral Gables, FL 33134-4358
Phone: 305-964-8003
Email: david@bucknermiles.com

ADAM J. LEVITT (*pro hac vice* to be sought)
alevitt@dicellolevitt.com
ADAM PROM (*pro hac vice* to be sought)
aprom@dicellolevitt.com
**DiCELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Telephone: (312) 214-7900

ASHLEY C. KELLER (*pro hac vice* to be sought)
ack@kellerlenkner.com
BENJAMIN J. WHITING (*pro hac vice* to be sought)
ben.whiting@kellerlenkner.com
ALEX J. DRAVILLAS (*pro hac vice* to be sought)
ajd@kellerlenkner.com
**KELLER LENKNER LLC**
150 North Riverside Plaza, Suite 4270
Chicago, Illinois 60606
Telephone: (312) 741-5222

AARON M. ZIGLER (*pro hac vice* to be sought)
aaron@ziglerlawgroup.com
**ZIGLER LAW GROUP, LLC**
308 South Jefferson Street, Suite 333
Chicago, Illinois 60661
Telephone: (312) 673-8427

*Counsel for Jake Shanahan*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of February, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner of those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s// David M. Buckner  
DAVID M. BUCKNER, ESQ.

**SERVICE LIST**

**Megan Alicia Behrman**
Latham & Watkins LLP (NY)
885 Third Avenue
New York, NY 10022
212-906-4706
megan.behrman@lw.com
*Sent Via Email Service*

**Steven Nathaniel Feldman**
Latham & Watkins LLP
885 Third Avenue
New York, NY 10022
212-906-1200
Steve.Feldman@lw.com
*Sent Via Email Service*

**Alexis Kellert**
Latham & Watkins LLP
885 Third Avenue
New York, NY 10022
212-906-1200
alexis.kellert@lw.com
*Sent Via Email Service*

**William J. Trach**
Latham & Watkins LLP (Boston)
200 Clarendon Street
Boston, MA 02116
617-948-6000
william.trach@lw.com
*Sent Via Email Service*

**Lilia Borislavova Vazova**
Latham & Watkins LLP (NY)
885 Third Avenue
New York, NY 10022
212 906-1200
lilia.vazova@lw.com
*Sent Via Email Service*