# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC FISHON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-v-<br><br>PELOTON INTERACTIVE, INC.,<br><br>Defendant. | Civil Action No. 19-cv-11711 (LJL) |

**NOTICE OF SUBPOENA *AD TESTIFICANDUM***

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 30 and 45, Defendant, Peloton Interactive, Inc., by and through its counsel, is serving a subpoena, a true and correct copy of which is attached to this notice and incorporated by reference, requiring Jake Shanahan to appear for the taking of testimony by video deposition and to produce documents on February 9, 2021 at 9:00 am.  A true and correct copy of the subpoena *ad testificandum* has been attached hereto as Exhibit A.

**Videoconference Information**

Videoconference Information will be sent individually to participants in advance of the deposition.

**PLEASE TAKE FURTHER NOTICE** that the deposition shall be taken before a court reporter or other person authorized by law to administer oaths and be recorded by stenographic means, videotape, and/or Case Notebook.  The deposition shall be taken for the purposes of discovery, for use in the present suit, and for any other purpose whatsoever permitted under the Federal Rules of Civil Procedure.

**YOU ARE FURTHER NOTIFIED** that we reserve the right to record the deposition either by stenographic means by a court reporter certified to record depositions or a digital reporter utilizing state-of-the-art digital recording equipment. We further reserve the right to record the deposition utilizing audio or video technology. We also reserve the right to utilize picture-in-picture technology in which any exhibit reviewed by the deponent during the deposition can be captured visually. Should the deposition be recorded in either audio or video format we reserve the right to utilize any portion of the audio or video recording of the proceeding at trial. In the event we utilize the stenographic reporting method, we reserve the right to utilize instant visual display such that the reporter's writing of the proceeding will be available to all who are a party to this proceeding to request and receive it in Realtime.

**NOTICE IS FURTHER GIVEN** that we reserve the right to conduct this deposition utilizing a paperless exhibit display process provided and supported by a court reporter certified to record depositions or a digital reporter utilizing exhibit display services. However, no paper copies will be provided as they will be available for visual display and stamped electronically. **Please contact the noticing attorney at least two (2) calendar days prior to the deposition to advise that it is your desire to be set up for digital access so that the necessary credentials, testing and information, if necessary, can be provided to you prior to the proceedings.**

**NOTICE IS FURTHER GIVEN** that we reserve the right to conduct this deposition utilizing the secure web-based deposition option or in the alternative video teleconferencing (VTC) services or telephonically only to provide remote/virtual access for those parties wishing to participate in the deposition via the internet and/or telephone. Also take notice that, the court reporter may also be remote via one of the options above for the purposes of reporting the proceeding and may or may not be in the presence of the deponent. **Please contact the noticing**

**attorney at least two (2) calendar days prior to the deposition to advise that it is your desire to appear via this remote participating means so that the necessary credentials, call-in numbers, testing and information, if necessary, can be provided to you prior to the proceedings.** In addition, we also reserve the right to utilize instant visual display technology such that the court reporter's writing of the proceeding will be displayed simultaneous to their writing of same on one's laptop, iPad, tablet or other type of display device connected to the court reporter.

Dated: January 15, 2021

Respectfully submitted,

LATHAM & WATKINS LLP

By: _____
Lilia Vazova
885 Third Avenue
New York, New York 10022
(212) 906-1200
lilia.vazova@lw.com

*Attorneys for Defendant Peloton Interactive, Inc.*

# Exhibit A

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

|  |  |  |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To:

*(Name of person to whom this subpoena is directed)*

❏ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Date and Time: |
|---|---|
| | |

The deposition will be recorded by this method:

❏ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____    _____
*Signature of Clerk or Deputy Clerk*                                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## DEFINITIONS

1. "You" or "Your" shall mean Jake Shanahan and, without limitation, any affiliate, agent, representative, employee or other person acting or purporting to act on your behalf or under your control.

2. "Communication" is used herein in the broadest sense and includes, but is not limited to, any and all conversations, meetings, discussions and any other occasion for verbal or written exchange, whether by e-mail as well as all letters, memoranda, facsimiles, text messages, instant messages and social media posts.

3. "Concerning" shall mean relating to, referring to, describing, evidencing or constituting.

4. "Document" shall mean all documents, Electronically Stored Information (defined below), and tangible things in the broadest sense under Federal Rule of Civil Procedure 34, and shall mean anything that can be read, viewed, heard, or otherwise understood. Further, "Document" shall not be limited in any way with respect to medium, embodiment, or process of creation, generation, or reproduction and shall include, without limitation, all preliminary, intermediate and final versions thereof, as well as any notations, comments and marginalia (handwritten or otherwise) appearing thereon or therein.

5. "Electronically Stored Information" is used herein in the broadest sense and includes, but is not limited to, e-mails associated with any personal e-mail accounts (*e.g.*, Yahoo!, Gmail, Hotmail, AOL, AT&T, Blackberry, etc.), text messages, short message service (SMS) messages, or multi-media messaging service (MMS) messages; instant messaging transcripts, posts, entries or other electronic contributions to online websites, forums or services (*e.g.*, bulletin board posts, Facebook messages, on-line photographs, blog entries, etc.); any ESI

you have created and/or stored using any third-party online service provider including, but not limited to, Facebook, MySpace, Google+, Twitter, Instagram, Snapchat, TikTok, Picasa, Tumblr, LinkedIn, Monster, Blogger, Reddit, YouTube, or any other social networking, career development, or news and commentary sites, services, blogs or wikis; and any ESI that you have stored using back-up media or third-party storage services such as iCloud, Google Docs, Dropbox or Mozy.

      6.     "Social Media" shall mean any interactive internet-based application that allows for user-generated content including, but not limited to, text posts or comments, digital photos or videos and data generated through all online interactions. Social Media as used herein includes, but is not limited to: Facebook, Twitter, Tumbler, Instagram, SnapChat, LinkedIn, TikTok, etc.

      7.     "Peloton" shall mean Peloton Interactive, Inc.

      8.     "Peloton Product(s) or Service(s)" shall mean any product(s) or service(s) offered or sold by Peloton, including but not limited to, Peloton Bike, Peloton Bike+, Peloton Tread, Peloton Tread+, Peloton Bike or Bike+ accessories, Peloton Tread or Tread+ accessories, Peloton apparel, Peloton App and Peloton Digital Membership.

## **INSTRUCTIONS**

      1.     You or Your representatives must bring with you to the deposition the documents described below including electronically stored information, or objects, and permit their inspection, copying, testing or sampling of the material.

      2.     The below requested documents seek only non-privileged described documents, in their entirety, along with any attachments and added notations.

**DOCUMENTS REQUESTED**

1. All Social Media posts You have made concerning Peloton and Peloton Product(s) or Service(s).

2. All proofs of purchase or sale for any Peloton Product(s) or Service(s) to or from Peloton or any third-party seller or purchaser.

3. All Documents and Communications, including text messages, concerning Peloton created and/or received by You since Your date of purchase of any Peloton Product(s) or Service(s).

4. A list of any rebate(s), discount(s), promotional code(s) or other credit and reward program(s) or offering(s) that You have offered or participated in, at any time, concerning Peloton and Peloton Product(s) or Service(s).

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 15, 2021, a copy of the foregoing document was served via email upon all counsel of record for Plaintiffs, who per counsel's representation, also represent Jake Shanahan.

_____
Lilia Vazova